HAMBRO & Another *v.* CASEY, Receiver.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF LOUISIANA.

Submitted January 3d, 1884.—Decided January 21st, 1884.

*Bill of Exchange—Damages—Protest.*

When a bank, the owner and holder of a bill of exchange on a foreign coun-
try, remits it for collection to its correspondent abroad, and the bill is not
paid at maturity, and is protested, the correspondent is not entitled to
damages on the protest, as against the owner, even though the owner may
have failed before maturity of the bill, being largely indebted to the corre-
spondent.

*Mr. Thomas L. Bayne* for the plaintiffs in error.

*Mr. J. D. Rouse* and *Mr. William Grant* for defendant in
error.

Mr. Chief Justice Waite delivered the opinion of the court.
The controlling facts in this case are as follows: C. J. Ham-
bro & Son, a banking firm in London, England, were the cor-
respondents of the New Orleans National Banking Associa-
tion, a national bank in New Orleans. The bank kept a run-
ning account with the firm, drawing upon them from time to
time as occasion required, and remitting bills to cover its
drafts. In the course of its business the bank became the
owner of certain bills drawn by a New Orleans firm on their
correspondents in France, amounting in the aggregate to 440,-
000 francs, or $93,121 in United States currency. These bills
were indorsed by the bank and remitted to Hambro & Son
for collection and credit, but before they matured the bank
and the drawers and drawees all failed. The failure of the
bank occurred on the 4th of October, 1873, and, on a state-
ment of accounts a few days after, the bank was found in debt
to Hambro & Son for the sum of $89,798.30. The bills which
had been remitted were protested at maturity at an expense of
$1,356, which was paid by Hambro & Son. This item was
not included in the balance shown by the account stated.

Under the laws of Louisiana the damages upon protest of foreign bills of exchange is ten per cent. on the principal sum specified in the bills. Suit was brought against the receiver of the bank to recover the charges for protest and the ten per cent. damages. Judgment was given against the receiver for the expenses of protest, but in his favor on the claim for damages. This writ of error was sued out by Hambro & Son to reverse that judgment so far as it was in favor of the receiver.

In our opinion the judgment was clearly right. The protested bills are the property of the bank, subject in the hands of Hambro & Son to their lien as bankers for the security of the balance due them on general account. All moneys collected by Hambro & Son on the bills, whether it be for principal, interest, or damages, must be passed as soon as collected to the credit of the bank. Hambro & Son are the holders of the bills, but in no legal sense the owners, though it may be their lien is for more than can be collected from the drawers or drawees. Clearly the law does not require the bank to pay the damages, when the payment, if made, must be passed to its own credit on the books of its collecting agents. That would be the operative effect of such a judgment as is now asked for. *Judgment affirmed.*