SECOND NATIONAL BANK OF BALTIMORE, MARYLAND, v. BANK

OF ALMA.

Opinion delivered June 5, 1911.

1. BANKS—NEGLIGENCE IN COLLECTION OF DRAFT—LIABILITY.—A bank receiving a bill or draft for collection from a forwarding bank is liable for any loss occurring through any neglect of duty or unauthorized act done by it, as where it surrenders the bill of lading accompanying a draft contrary to instructions.   (Page 390.)

2. SAME—NEGLIGENCE—DAMAGES.—A collecting bank which wrongfully surrenders a bill of lading attached to a draft is liable only for the actual loss which results from such unauthorized act. (Page 390.)

3. SAME—MEASURE OF DAMAGE FOR FAILURE TO COLLECT DRAFT.—While the face of the draft is *prima facie* the measure of the damage which the owner of a draft suffers where the collecting bank wrongfully surrenders a bill of lading attached thereto, such bank may show the actual damage sustained by the owner or may show that no damage has been suffered by him.  (Page 390.)

4. BILLS AND NOTES—INNOCENT PURCHASER.—Where a bank takes a draft for collection merely, it does not become a purchaser for value. (Page 391.)

5. BANKS—COLLECTIONS—LIABILITY.—A bank which accepted a draft for collection is liable to the owner thereof for any loss sustained by reason of any default or breach of duty by a subagent to whom it forwarded the draft for collection.  (Page 391.)

6. PARTIES—RIGHT OF AGENT TO SUE.—A bank to which a bill of exchange has been indorsed for collection merely has a right to sue in its own name for any default of another bank to which the bill has been forwarded for collection.  (Page 391.)

7. BANKS—EFFECT OF ACCEPTING DRAFT FOR COLLECTION.—A bank accepting a draft for collection does not become the owner thereof, nor of the machine which was covered by the bill of lading accompanying the draft.  (Page 392.)

8. BANKS—FAILURE TO COLLECT BILL—DEFENSE.—Where a bank to which a bill of exchange was forwarded for collection wrongfully surrendered a bill of lading attached to the bill of exchange, it may show that the bank which forwarded such bill of exchange was merely agent of the drawer, and may prove any facts which would constitute a defense against the drawer.  (Page 392.)

9. BILLS AND NOTES—RIGHT TO CONTROL COLLECTION.—One who sells machinery, drawing a draft upon the purchaser with bill of lading attached, has the right to control its collection and the disposition of the machinery covered by the bill of lading.  (Page 392.)

10. PRINCIPAL AND AGENT—RATIFICATION.—Where the drawer of a bill of exchange ratified the act of a collecting bank in surrendering a bill of lading attached to such bill of exchange without payment thereof, such ratification will be a defense to the collecting bank in a suit by the drawer's agent to collect the bill of exchange. (Page 392.)

11. JUDGMENT—CONCLUSIVENESS.—A bank which sued another bank for default in collecting a draft held by the former for collection can not complain of an adverse judgment because the real owner might still hold it liable, since the real owner could have been made a party. (Page 393.)

12. SAME—CONCLUSIVENESS.—Where a bank, holding a draft with bill of lading for machinery attached, sued a second bank to which it had transmitted the draft for collection for its default in turning over the bill of lading to the drawee, a judgment against the plaintiff will not preclude the owner of the draft and machinery from recovering from the drawee. (Page 393.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*E. L. Matlock,* for appellant.

1. When a bank receives from the owner a bill for collection, it thereby becomes the agent of the owner for collection; and if it employs some other bank or individual to collect the bill, the latter becomes the agent of the former bank, and not of the owner, and, in the absence of any agreement to the contrary, is answerable to it for loss caused by its failure to discharge its duties as agent. 121 N. Y. Supp. 104; 11 N. Y. 203; 47 N. Y. 570, 7 Am. Rep. 489; 116 N. Y. 492, 22 N. E. 1077; 128 N. Y. 26, 27 N. E. 849, 13 L. R. A. 241. Delivery of the shipment and surrender of the bill of lading by appellee without payment of the draft amounted to conversion by it. 98 Ga. 576, 25 S. E. 584; 72 S. C. 458, 52 S. E. 195.

2. The Judge Machine Company was a depositor of appellant, as appears by the proof. When the machine company deposited the draft with bill of lading attached with appellant bank, the latter became a holder for value, and owner of the peeling machine. 30 Kan. 441; 1 Pac. 789; 43 Kan. 197, 23 Pac. 94; 42 N. Y. 137; 114 N. C. 335; 19 S. E. 361; 106 N .W. 942; 30 Ia. 384; 168 Mass. 425; 47 N. E. 196; 92 N. W. 348; 131 Mich. 674; 67 Mo. App. 97; 60 Pac. 273, 90 Okla. 697; 4 Am. & Eng. Enc. of L. 318. After the appellant placed the draft in the hands of appellee for collection and delivery, the agent of the Judge

Machine Company could make no delivery that would deprive appellant of ownership, nor could he ratify a delivery already made by appellee contrary to appellant's instructions. 91 U. S. 618.

*Sam R. Chew,* for appellee.

1. Appellant's objections and exceptions to appellee's evidence being in gross merely, and not specific, if any of appellee's evidence is competent, appellant's objections will not be considered. 25 Ark. 334; *Id.* 380; 14 Ark. 438; 7 Ark. 524; 15 Ark. 345; 18 Ark. 392; 76 Ark. 538; 65 Ark. 107; 92 Ark. 421; 87 Ark. 331.

2. The proof is clear that appellant was not the owner of the draft sent to appellee. The bill of lading attached specifically consigns the goods to the order of the Judge Machine Company, Alma, Arkansas, and provides on its face that it is not negotiable. Moreover, there is no indorsement in writing on the bill of lading, as required by section 530, Kirby's Digest. The Judge Machine Company, therefore, being the owner, could dispose of the property as it might elect, notwithstanding it had drawn the draft and placed it in the hands of appellant for collection; and through its general manager it ratified the action of the appellee in delivering the machine without payment of the draft, as it had authority to do.

FRAUENTHAL, J. This was an action instituted by the Second National Bank of Baltimore, plaintiff below, to recover from the Bank of Alma the face value of a draft which it had sent to the latter bank for collection, accompanied with a bill of lading, which the defendant turned over to the drawee without payment of the draft, as, it was alleged, contrary to the plaintiff's instructions. The plaintiff was engaged in the banking business at Baltimore, Maryland, and the defendant was engaged in the same character of business at Alma, Arkansas.

In February, 1908, the Judge Machine Company, which was located at Baltimore, Md., entered into a written contract with the Alma Canning Company, which was located at Alma, Ark., by which it leased to the latter company for a term of years a machine for peeling peaches known as the "New Process Peeling Machine," for the sum of $500 and certain royalties. The Judge

Machine Company was the owner of a patent for and was the manufacturer of this machine. It shipped the same from Baltimore to the Alma Canning Company, at Alma, Ark., and, according to the terms of said written contract, the lease should commence after a ten days' trial and acceptance by the latter company of the machine. The written contract also provided that the machine was warranted to do certain specific work in peeling peaches, and that the Alma Canning Company should have the right to test it for the above period after its arrival and installation at Alma, and in the event the machine did not work according to the warranty the Judge Machine Company would remove the machine and refund any money that might be paid thereon, together with any freight paid by the Alma Canning Company.

On March 30, 1908, at the time of shipping the machine, the Judge Machine Company drew a draft on the Alma Canning Company for $500, the purchase money of said lease, and made same payable to the plaintiff, and placed same with the plaintiff for collection, accompanied with a bill of lading for the machine, in which it stated that it was consigned to shipper's order. The plaintiff sent the draft, accompanied with the bill of lading, to the defendant for collection, with instructions "to hold for arrival of goods and to deliver the bill of lading only upon payment of draft." The testimony on the part of defendant tended to prove that, after it received the draft for collection, the Alma Canning Company claimed that it had the right under said written contract which it had made with the Judge Machine Company to test the peeling machine before accepting it and paying the draft, and for that purpose it demanded and obtained from the defendant the bill of lading without paying the draft.

The testimony on the part of the defendant tended to prove further that, before the peeling machine was installed and tested, it notified the representatives of the Judge Machine Company that the bill of lading had been surrendered without payment of the draft at the request of the Alma Canning Company for the purpose of testing the machine, and that this act of the defendant was by them duly ratified, and that afterwards they assisted in the installation and trial of the machine. Defendant introduced testimony tending also to prove that the machine was not as warranted, and that within the time prescribed by the above-written

contract of lease the Judge Machine Company had notice that on this account it refused to accept same, and that same was subject to its order. Thereupon the Alma Canning Company refused to pay to defendant the draft drawn by the Judge Machine Company on it, and, the defendant refusing to pay same to the plaintiff, it brought this suit to recover the face of said draft.

The case was tried by the court sitting as a jury, who made findings in favor of defendant and rendered judgment accordingly.

It is contended by counsel for plaintiff that the defendant, having undertaken the collection of the draft which plaintiff had sent to it, became its agent for that purpose, and thereby it was liable for its breach of duty in disobeying the instructions accompanying the draft that it should not turn the bill of lading over to the Alma Canning Company except on payment of the draft.

It has been well established, we think, that a bank receiving a bill or draft for collection from a forwarding bank is liable for any loss occurring through any neglect of duty or unauthorized act done by it. Where it surrenders the bill of lading accompanying a draft contrary to instructions, it is in law liable, as for conversion, for any damages which have been sustained by reason thereof. *Allen* v. *Merchants Bank,* 22 Wend. (N. Y.) 215; *Ayr & Ault* v. *Pacific Bank,* 47 N. Y. 570; *St. Nicholas Bank* v. *State National Bank* (N. Y.) 13 L. R. A. 241; *Wingate* v. *Mechanics Bank,* 10 Pa. 104; *Reeves* v. *State Bank of Ohio,* 8 O. St. 465.

But such collecting bank is liable only for the actual loss which results from its improper conduct or unauthorized act. If a loss occurs to any one interested in the paper accompanying the bill of lading through any breach or neglect of duty on the part of the collecting bank, such party will have a right of action against it for the loss thus sustained. But there must be an actual loss before any recovery can be had in such case, and no recovery can be had for more than the actual loss sustained. While the face of the draft is *prima facie* the measure of the damage which the party interested therein has sustained, yet the collecting bank may, notwithstanding its default or breach of duty, show the actual damage which has been sustained by the interested party, or may show that no damage has been actually suffered by him in defense of such action brought against it. *First Nat. Bank* v.

*Fourth Nat. Bank,* 77 N. Y. 320; *People's Nat. Bank* v. *Brogden & Brogan,* 83 S. W. (Tex.) 1098; *Freeman & Shaw* v. *Citizens' Nat. Bank,* 4 L. R. A. (Ia.) 422; *Citizens' Nat. Bank* v. *Third Nat. Bank,* 49 N. E. (Ind.) 171; 3 Am. & Eng. Enc. Law, 814; 5 Cyc. 511.

In the case at bar the uncontroverted evidence shows that the plaintiff received the draft with the accompanying bill of lading from the Judge Machine Company for collection only, and did not discount said draft or purchase same. The Judge Machine Company was a depositor with the plaintiff, but the testimony clearly shows that no part of this draft was placed to its credit by the plaintiff, and no part thereof was paid to the Judge Machine Company by it. The plaintiff was not a purchaser of this draft, and it therefore was not a holder thereof for value. It therefore did not become the purchaser or owner of the machine covered by the bill of lading accompanying the draft. *Mann* v. *National Bank,* 30 Kans. 412; *Bank* v. *Valentine,* 18 Hun (N. Y.) 417; *Fredonia* v. *Tommei,* 131 Mich. 674.

Under the testimony adduced by the plaintiff itself upon the trial of this case, it was in fact the agent of the Judge Machine Company to collect this draft, and it received same in that capacity only, and forwarded it to the defendant as its correspondent and agent to collect. Its relation to the Judge Machine Company was therefore only that of the collecting agent of the draft. It thereby became liable to the Judge Machine Company only for any loss which it might sustain by reason of any default or breach of duty as such collecting agency committed by it or by the defendant to whom it forwarded it for collection, and for whose acts is was responsible. It had the right to sue in its own name for any default of the defendant by reason of which any liability was incurred by it to the Judge Machine Company, and it also had the right to institute suit against the defendant for any loss which it caused by reason of a breach of duty committed by it in collecting the draft, because the title thereto had been actually transferred to it, although for collection, by the Judge Machine Company. *Dickinson* v. *Burr,* 15 Ark. 372; 8 Cyc. 83; 3 Am. & Eng. Enc. Law 810; *Farmers' Deposit Bank* v. *Penn Deposit Bank,* 123 Pa. St. 283.

But, by accepting for collection the draft accompanied by

the bill of lading, the plaintiff only became the agent of the Judge Machine Company for that purpose, and it did not thereby become the true owner of the draft or of the machine which was covered by the bill of lading accompanying the draft. *Bank of Washington* v. *Triplett,* 1 Pet. 25; *Hambro* v. *Casey,* 110 U. S. 216.

By the action instituted in this case, the plaintiff could only recover the actual loss which was sustained by reason of any neglect or breach of duty committed by the defendant in the collection of said draft. Defendant had still the right, in its defense, to show that the plaintiff was not damaged by reason of its having surrendered the bill of lading without payment of the draft, although it was done contrary to instructions. It could show this by proving that the plaintiff was not the true owner of the draft and bill of lading, but was simply holding same as the agent of the Judge Machine Company, coupled with no interest therein, and by proving any facts which would constitute a defense against the Judge Machine Company in event it was seeking a recovery against it. The bill of lading which accompanied the draft represented the property covered by it, and by the transfer of the draft the title to said property was thereby transferred. But the holder of the bill of lading had no greater or better rights therein than the holder of the draft. The draft represented the purchase money of the machine, and was drawn in pursuance of the contract which warranted the machine to be of a certain quality, and provided for a test thereof before the machine should be accepted, and therefore before there should be any liability for the payment of the purchase money thereof. The Judge Machine Company, which, under the testimony, was still the true owner of the draft, had therefore the right still to control its collection and the disposition of the machine covered by the bill of lading accompanying it.

The testimony on the part of the defendant tended to prove that, after the bill of lading had been surrendered by the defendant to the Alma Canning Company, the representative of the Judge Machine Company assisted in installing and making a test of the machine, and before this was done the Judge Machine Company through its agent was duly notified by the defendant that it had surrendered this bill of lading without the payment of the draft for the purpose of permitting the machine to be

installed and tested, and that its agent, after such knowledge, duly ratified the act of the defendant in turning over to the Alma Canning Company the bill of lading without payment of the draft in order to make said test. Such ratification amounted in effect to an authorization made before the bill of lading was surrendered; and, the Judge Machine Company being the true owner of the draft and bill of lading, it had the right to give such authorization to the defendant.

We think the evidence warranted the court in finding that the plaintiff was only the agent of the Judge Machine Company in making the collection of this draft, and that it was not the actual owner thereof, either by purchase or otherwise, and therefore it had no interest except as the agent of the Judge Machine Company in the property covered by the bill of lading. We think also that there was some evidence sustaining the finding of the court that the representative of the Judge Machine Company ratified the act of the defendant in turning over the bill of lading to the Alma Canning Company without payment of the draft in order that the machine might be installed and tested. Under such circumstances the court did not err in the declaration of law which it made that the plaintiff was not entitled to recover herein. If the plaintiff desired to protect itself against any possible claim of liability which the Judge Machine Company might assert against it under any view of the case, it had the right to join it as a party plaintiff or to require it to be made a party defendant and to thus conclude it by the judgment which the court might render herein. Kirby's Digest, § 6007. But, inasmuch as the Judge Machine Company was not made a party to this action, the judgment herein cannot preclude it from seeking the enforcement of any right which it may have against the Alma Canning Company for the purchase money of the lease of said machine.

Finding no reversible error in the trial of this case, the judgment is affirmed.

KIRBY, J., dissents.