WALLACE v. DAVIS.

Opinion delivered November 1, 1926.

1. MINES AND MINERALS—JOINT PURCHASERS—ACCOUNTING.—Where two persons buy an oil and gas lease for resale, and the total purchase price is advanced by one, the latter, on a resale, was properly decreed the portion of the purchase price advanced by him, less the other's share of the profits.

2. BANKS AND BANKING—LIABILITY FOR NEGLIGENCE IN COLLECTION.—Before recovery can be had from a bank for negligence in delivery of an oil and gas lease without requiring payment of a draft attached thereto, there must have been an actual loss, and no liability is established where the drawee owed the drawer nothing.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

STATEMENT BY THE COURT.

J. H. Wallace instituted this action in the circuit court against W. E. Davis, F. L. Davis and the National

Bank of Commerce to recover the sum of $900 damages alleged to have been occasioned by the negligence of the defendant bank in the performance of its duty as agent for the plaintiff in the collection of a draft on the defendant Davis. The defendants filed separate answers. The bank denied negligence or liability on its part, and W. E. Davis and F. L. Davis denied liability on the draft. By the agreement of all parties, the case was transferred to the chancery court.

The chancellor found that, on the 30th day of March, 1921, J. H. Wallace and F. L. Davis, by his agent, W. E. Davis, purchased from George Zeigan a certain oil and gas lease to certain land in Union County, Arkansas, and took a deed therefor in the name of J. H. Wallace and F. L. Davis; that the purchase price of said lease of $3,250 was advanced and paid by F. L. Davis through her agent, W. E. Davis, under an agreement that J. H. Wallace would pay to F. L. Davis, on the following Monday, one-half of said $3,250; that no part of that amount has been paid by J. H. Wallace to F. L. Davis; that the lease was purchased by J. H. Wallace and F. L. Davis for the purpose of resale, under an agreement that each was to pay one-half of the purchase price and to divide equally any profit or loss which might be incurred in the transaction.

The chancellor further found that, on the 15th day of September, 1921, J. H. Wallace, through the Savings Bank & Trust Company of Monroe, Louisiana, forwarded to the National Bank of Commerce of El Dorado, Arkansas, a draft drawn by the plaintiff on the defendant Davis in the sum of $900, to which draft was attached an oil and gas lease executed by Wallace to his interest in the oil and gas lease above referred to; that said conveyance was incomplete until signed by F. L. Davis; that said bank delivered said lease to W. E. Davis without the knowledge or consent of Wallace; and that W. E. Davis, after having caused said lease to be signed and acknowledged by F. L. Davis, as her agent, filed it for record in Union County, Arkansas; that no legal delivery

of said lease, which was attached to said draft, was ever made by said defendant bank to said Davis; and that the deed so obtained by Davis is null and void, and passes no title, for the reason that no legal delivery was made of it by the bank to said W. E. Davis.

The chancellor further found that J. H. Wallace has failed to sustain his contention that W. E. Davis or F. L. Davis is indebted to him in the sum of $900; and that the complaint of J. H. Wallace against the defendant bank is not sustained by the evidence. It was therefore decreed that the complaint against these defendants be dismissed for want of equity.

The chancellor further found that J. H. Wallace was indebted to the defendant, F. L. Davis, in the sum of $1,625, with interest thereon from the 30th day of March, 1921, at six per cent. per annum; that F. L. Davis has collected the sum of $300 in the handling of the lease in question, and that the $1,625 due by Wallace to F. L. Davis should be credited with one-half of the $300 as of the date of March 30, 1921; that the defendant, F. L. Davis, is entitled to judgment therefor; that, under the pleadings as amended to conform to the evidence adduced at the trial, a lien should be declared on the one-half undivided interest of J. H. Wallace in said lease, and that, in default of the payment of the amount found due, the undivided interest of Wallace in said lease should be sold under the orders of the court and the proceeds applied, first, to the payment of the indebtedness found due by J. H. Wallace to F. L. Davis, and the balance, if any, should be paid to said Wallace.

The above finding of facts in a more detailed form is embodied in the decree entered of record in the case; and, inasmuch as counsel for the plaintiff expressly concedes that no question of fact is raised by the appeal, but that, accepting the chancellor's finding as correct, the decree is erroneous as a matter of law, we adopt the above as our statement of facts presenting the issues raised by the appeal of the plaintiff.

*Coulter & Coulter,* for appellant.

*Powell, Smead & Knox,* for appellee.

HART, J., (after stating the facts). It appears from the record that J. H. Wallace and F. L. Davis purchased an oil and gas lease to land in Union County, Arkansas, and took a deed therefor in their names, upon the agreement that the purchase price of said lease, which was $3,250, should be advanced and paid by F. L. Davis. It was agreed at the time that Wallace would pay to said Davis his one-half of the purchase price of said lease on the following Monday. This he failed to do, and never at any time paid any part of the purchase price of said lease. The lease was purchased by Wallace and Davis for the purpose of resale, and they were to share equally the profits or losses.

On the 15th day of September, 1921, through a bank at Monroe, Louisiana, Wallace forwarded to the National Bank of Commerce a draft drawn by the plaintiff on the defendant Davis in the sum of $900. Attached to this draft was an oil and gas lease to said land duly executed by Wallace. This lease appears to have been executed by Wallace on the theory of a sale of the gas and oil lease by him and Davis for a profit of $1,800, of which his share would be $900.

According to the finding of facts made by the chancellor, no such sale of the oil and gas lease owned by Wallace and Davis was made, and Davis only received $300 in the handling of the oil and gas lease. The chancellor properly held that Davis should account to Wallace for one-half of this amount. The chancellor also found that no part of the original consideration for the purchase price of the lease had been paid by Wallace to Davis according to the agreement. Under this state of facts, which is conceded to be supported by the evidence in the record, the chancellor properly entered of record a decree in favor of Davis against Wallace for the part of the purchase money advanced by Davis to Wallace, after accounting to Wallace for his share of the profits made under the lease.

The decree dismissing the complaint of the plaintiff against the defendant bank was also correct. As we

have just seen, the defendant Davis did not owe the plaintiff anything. On the other hand, the plaintiff owed Davis. In this view of the matter, it did not make any difference that the bank wrongfully delivered the oil and gas lease attached to the draft to Davis without collecting the amount of the draft.

In cases of this kind, even where the negligence of the agent is established, it is a question of damages only; and the agent may show that, notwithstanding his fault, his principal suffered no damages. The agent may show that, if he had used the greatest diligence, the draft would not have been accepted or paid, because the person on whom the draft was drawn did not owe his principal anything. This court has expressly held that, in cases of this sort, the collecting bank is liable only for the actual loss which results from its improper conduct or unauthorized acts. There must be an actual loss before any recovery can be had in such a case, and no recovery can be had for more than the actual loss sustained. *Second National Bank of Baltimore, Maryland,* v. *Bank of Alma,* 99 Ark. 386, 138 S. W. 432.

It follows that the decree must be affirmed.