BANK OF KEO *v.* BANK OF CABOT.

Opinion delivered May 9, 1927.

1. BANKS AND BANKING—DELAY IN PRESENTMENT—BURDEN OF PROOF.—Where a bank takes a bill of exchange for collection and is guilty of some bad faith or positive wrongdoing in failing to make prompt demand for acceptance or payment thereof, it has the burden for showing that its wrongful act occasioned no injury, or of showing the extent of the injury.

2. BANKS AND BANKING—DELAY IN PRESENTING DRAFT.—Where a bank takes drafts for collection and negligently fails to present them promptly for payment and to return them promptly upon payment being refused, without being guilty of any fraud or

positive wrong, it is liable only for the actual damage caused by its negligence.

3.  BANKS AND BANKING—BURDEN OF SHOWING DAMAGE.—Where a bank takes drafts for collection and negligently fails to present them promptly for payment and return them promptly upon payment being refused, but is guilty of no fraud or positive wrong, the burden of showing damage rests upon the plaintiff; Acts 1921, p. 527, § 14, not changing such rule as to burden of proof.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

*Williams & Holloway,* for appellant.

*Trimble & Trimble,* for appellee.

SMITH, J.  In December, 1924, Vernon Layne was engaged in the neighborhood of Cabot in buying cattle, which, when he had collected as much as a carload, were shipped to market.  In payment of cattle purchased he gave drafts on his son, Buck Layne, payable at the Bank of Keo.  A number of these drafts were deposited by the payees therein with the Bank of Cabot, which received them as cash items and gave the depositors credit therefor accordingly.  Other drafts were cashed by the Bank of Cabot for the accommodation of the payees.

The Bank of Cabot transmitted these drafts to the American Southern Trust Company, its correspondent in Little Rock, and that bank sent the drafts to the Bank of Keo for collection.  This was done in what is known as a cash letter, on the face of which was printed in large red letters the direction, "Cash letter—do not hold," and stamped thereon was the additional direction, "If not paid on presentation—return."  The drafts thus remitted were received by the Bank of Keo, and the testimony supports the finding that there was negligence on the part of that bank in presenting the drafts for payment and in failing to return them when payment was refused.

The Bank of Cabot brought this suit to recover from the Bank of Keo the amount of the drafts, which were finally returned unpaid.  There was testimony that some of the payees had carried accounts with the Bank of Cabot and that, if the drafts had been promptly returned,

they could, upon being dishonored, have been charged to the accounts of these depositors. There was also testimony to the effect that the drafts could, and, in the exercise of ordinary diligence by the Bank of Keo, would, have been returned to the Bank of Cabot before Layne had shipped out the cattle in payment of which the drafts had been drawn, and, if the drafts had been so returned, the Bank of Cabot might, by an appropriate action, have saved itself, in part at least, from loss.

The complaint filed by the Bank of Cabot against the Bank of Keo did not allege, nor was any testimony offered to show, that the drafts were good and collectable, that the drawees were solvent, or that the drafts would have been honored if the greatest diligence had been exercised by the Bank of Keo. It was the theory of the plaintiff that, when it had shown that the drafts were not collected nor promptly returned, and that it had been damaged by that failure, a *prima facie* case of liability was made, and that the measure of the liability was the face of the drafts themselves, unless it was affirmatively shown by the defendant bank that the drafts could not have been collected and that a loss would have been sustained even though it had not been negligent. The court adopted this theory, and the instructions given conformed thereto. There was a verdict and judgment for the plaintiff bank for the face of certain drafts. As to others, the jury probably found that the drafts were not retained for a period of time so great as to constitute negligence.

The question presented on this appeal is that of the burden of proof. Was the burden on the plaintiff bank to show, not only that it was damaged by the negligence of the defendant bank, and the extent of that damage, or was the burden upon the defendant bank (its negligence being established) to show that its negligence did not cause the damage sued for?

The authorities are divided on this question, and many of the cases are cited in the note to the annotated case of *Northwestern Nat. Bank* v. *People's State Bank,* 19 A. L. R. 551, 109 Kan. 506, 200 P. 278.

There are cases which hold that a bank, by a failure to make prompt demand of payment of a bill of exchange which has been placed in its hands for collection, makes the bill its own and renders itself liable to the owner for the full amount thereof; but the great weight of authority is against this view, and the general rule appears to be that the bank is liable only for the actual loss resulting from its failure to make prompt demand for acceptance or payment. The rule appears to be, however, that, where there is some element of bad faith or positive wrongdoing, the collecting bank is subjected to the higher degree of liability of showing that its wrongful act occasioned no injury, or of showing the extent of the injury caused.

A case of that kind is that of *First Nat. Bank of Monette* v. *First Nat. Bank of Lepanto,* 159 Ark. 517, 252 S. W. 594. It was there alleged that the defendant bank had converted a note sent it for collection or renewal. We there said that, if the bank had received the note, it should account for it, and if it had in fact converted the note, it should pay the plaintiff bank its value, whatever that might be. But, even in a case of that kind, the liability was held to be only the value of the note, which might not necessarily be its face.

In the case of *Second Nat. Bank* v. *Bank of Alma,* 99 Ark. 386, 138 S. W. 472, a collecting bank had wrongfully and contrary to its instructions released to a consignee a bill of lading to which a draft had been attached, and which should have been collected before the bill of lading was surrendered. The surrender of the bill of lading enabled the consignee to take possession of the article shipped without paying for it. The right of the remitting bank to recover damages from the collecting bank was declared, and it was there said that, where a collecting bank surrenders a bill of lading accompanying a draft, contrary to instructions, it is, in law, liable as for conversion for any damages which have been sustained by reason thereof. It was there further said:

"By the action instituted in this case the plaintiff could only recover the actual loss which was sustained by reason of any neglect or breach of duty committed by the defendant in the collection of said draft. Defendant had still the right, in its defense, to show that the plaintiff was not damaged by reason of its having surrendered the bill of lading without payment of the draft, although it was done contrary to instructions. It could show this by proving that the plaintiff was not the true owner of the draft and bill of lading, but was simply holding same as the agent of the Judge Machine Company (the consignor), coupled with no interest therein, and by proving any facts which would constitute a defense against the Judge Machine Company in event it was seeking a recovery against it."

Here there was no conversion of the drafts, and the liability of the Bank of Keo is predicated, not upon a positive wrong or fraudulent act, but upon the simple negligence of failing to promptly present the drafts for payment and to return them promptly upon payment being refused. In such a case the liability of the collecting bank is limited to the damage which its negligence caused, and the burden of showing this damage rests upon the plaintiff bank.

In 3 Am. & Eng. Enc. of Law (2d. ed.) chapter "Banks and Banking," p. 814, it is said:

"Where a bank which has undertaken the collection of a bill or note has been guilty of negligence in the performance of its duties, the damages which the depositor is entitled to recover are measured by the actual loss occasioned by the improper conduct of the bank. It is sometimes stated that the amount of a bill or note placed in the hands of a bank is *prima facie* the measure of its liability. But it seems that this is so only where the plaintiff shows in the first instance that there is a reasonable probability that the bill would have been accepted and paid if the agent had done his duty, or that, by the negligence of the agent, the liability of a drawer or indorser who was apparently solvent has been discharged."

In 2 Michie on Banks and Banking, page 1474, it is said:

"The liability of a bank, with which a check is deposited for collection, for negligence in not collecting it and not giving notice of nonpayment till after the bank on which it was drawn suspended payment because of insolvency, is only for such amount as the depositor will lose thereby, which he must allege and prove."

At page 1503 of the same author it was also said:

"In an action against a bank for negligent failure to collect paper intrusted to it for collection, or for failure to fix the liabilities of the parties thereto in case of failure to collect, the complaint must allege that the plaintiff suffered damages from the defendant's negligence, and the omission of such allegation will render a complaint bad on demurrer. Since the liability of a bank with which a check is deposited for collection, for negligence in not collecting it and not giving notice of nonpayment, is only for such amount as the depositor will lose thereby, he must allege and prove this."

In the chapter on "Banks and Banking," § 295, 7 C. J., p. 622, it is said:

"The burden of proof is on the plaintiff to show that the paper was collectable, that the bank was negligent in not collecting, and that an actual loss has followed; but, where the bank sets up affirmative facts in order to escape liability, it assumes the burden of proof as to such matters."

In the chapter on "Banks," in 3 R. C. L., p. 632, it is said:

"And, where the collecting bank has been negligent in the collection of paper intrusted to it, the customer must allege and prove the amount of damages he has suffered. On the other hand, there is authority for the position that the *onus* is on the bank when sued for neglect, in failing to give notice of demand of payment, and of protest of the note intrusted to it for collection, to show that its principal has incurred no damage from its neglect."

In the annotator's note to the case of *Northwestern Nat. Bank* v. *People's State Bank, supra,* it is said: "Despite expressions to be found in some cases to the effect that the measure of damages for breach of duty by a bank in respect to the collection of commercial paper is the face of the paper involved, the true rule, supported by the overwhelming weight of authority, is that the damages are measured by the actual loss suffered by the owner of the paper in consequence of the negligence or misconduct of the bank, at least, in the absence of bad faith, or positive wrongdoing, or failure to return the paper."

One of the leading cases holding that the burden of proof is on the plaintiff bank to show the negligence of the collecting bank and the damage resulting therefrom is that of *Hendrix* v. *Jefferson County Savings Bank,* 45 So. 136, 153 Ala. 636, which is annotated in 14 A. L. R. (N. S.) 686. A headnote in that case reads as follows:

"The liability of a bank with which a check is deposited for collection for negligence in not collecting it and not giving notice of nonpayment till after the bank on which it was drawn suspended payment because of insolvency, is only for such amount as the depositor will lose thereby, which he must allege and prove."

The Supreme Court of Alabama, in the case just quoted from, followed the earlier decision of that court in the case of *Bank of Mobile* v. *Huggins,* 3 Ala. 206, which last-mentioned case was cited and approved by this court in the case of *Pennington* v. *Yell,* 11 Ark. 213, 52 Am. Dec. 262, in which case an attorney was sued by his client for negligence in failing to collect a note which had been placed in his hands for that purpose. The Supreme Court of this State there said that the burden was on the plaintiff not only to show that the collection of the note was lost by the negligence of the attorney, but that the plaintiff should also have shown that the note evidenced a subsisting debt and that the maker thereof was solvent, "and, unless the latter be shown, he (the attorney) would be liable only for nominal damages; and

under no circumstances would he be liable for more than the actual damages that the client has sustained by reason of negligence.''

The following cases support the text from which we have quoted: *Midwest Nat. Bank & Trust Co.* v. *Parker Corn Co.,* 245 S. W. 217, 211 Mo. App. 413; *Morris-Miller Co.* v. *Von Presentin,* 114 Pac. 912, 63 Wash. 74; *Sahlien* v. *Bank of Lonoke,* 16 S. W. 373, 90 Tenn. 221; *Terrell* v. *Commercial Nat. Bank,* 199 S. W. 1133 (Tex. Civ. App.); *Hilsinger* v. *Trickett,* 99 N. E. 305, Ann. Cas. 1913D, 421.

The trial court should not therefore have placed upon the defendant Bank of Keo the burden of showing the value of the drafts, as it did not convert them, but should have charged the jury that the burden was on the plaintiff, Bank of Cabot, not only to prove negligence on the part of the defendant bank, but also the amount of the loss which was sustained as the result of that negligence. The instructions given did not conform to this view of the law, and, for that error, the judgment of the court below must be reversed.

Section 14 of act 496, Acts 1921, page 514, is cited in support of the instructions given in this case. This section changed certain rules which had previously prevailed in this State (*Farmers' & Merchants' Bank* v. *Ray,* 170 Ark. 293, 280 S. W. 984), but there is nothing in this act to change what we conceive to be the true rule as to the burden of proof in actions of this character.

For the error indicated the judgment of the court below is reversed, and the cause remanded for a new trial.