LISTER *v.* FIRST NATIONAL BANK OF VAN BUREN.

Opinion delivered March 3, 1930.

L. E. Lister, for appellant.

E. L. Matlock, for appellee.

HART, C. J., (after stating the facts). There was no error committed by the trial court in finding for the plaintiff. The burden in the case was upon Lister to show the negligence of the plaintiff, as the collecting bank and the damages resulting to him therefrom. *Bank of Keo* v. *Bank of Cabot,* 173 Ark. 1008, 294 S. W. 49.

The undisputed evidence shows that the check was handled by the plaintiff as a collecting bank through its correspondents in the usual and customary way that checks handled for collection were handled by it and other banks. The plaintiff as the collecting bank, without any delay or negligence whatever, sent the checks to its correspondent bank which usually handles its Oklahoma business for collection. Then the check was handled without any negligence on the part of the correspondent bank, and was paid by the payee bank by a draft on another bank. This draft was presented in due course for collection; but, in the meantime, the First State Bank of

Hartshorne, which was the payee bank, had failed; and the check given by it in payment of the draft in question was dishonored on that account.

Prior to the passage of the act of 1921, amending the act creating the establishment of a State Banking Department, it was held that a bank receiving a draft for collection merely is the agent of the drawer or forwarding bank, and could only receive money in payment unless otherwise directed. *Darragh Company* v. *Goodman*, 124 Ark. 532, 187 S. W. 673.

Since the passage of the act of 1921 (General Acts of 1921, p. 514, § 14), the collecting bank is only liable for the default or negligence of its correspondent bank. *Farmers' & Merchants' Bank* v. *Ray*, 170 Ark. 293, 280 S. W. 984; and *Hicks Company, Ltd.*, v. *Federal Reserve Bank of St. Louis*, 174 Ark. 587, 296 S. W. 46.

In the latter case, it was expressly held that a correspondent bank, in forwarding checks sent to it for collection by the depository bank, was not negligent in accepting from the bank on which the checks were drawn drafts instead of money, where in so doing it followed the banking custom and was without notice of the drawee bank's insolvency.

In the case at bar, the undisputed evidence shows that there was no notice on the part of the plaintiff or any of its correspondents that the bank on which the check was drawn was insolvent. The proof also shows that the check was handled in the usual and customary way, and, besides that, the deposit slip given for the check when it was deposited for collection showed on its face that the collecting bank would charge it back to the depositor if it was dishonored.

It follows that the judgment of the circuit court was correct, and it will be affirmed.