HOME LIFE INSURANCE COMPANY *v.* TAYLOR.

4-2797

Opinion delivered January 9, 1933.

772

*Buzbee, Pugh & Harrison,* for appellant.

*Robinson, House & Moses* and *Bridges, McGaughy & Bridges,* for appellee.

KIRBY, J., (after stating the facts). It is undisputed that this writing specifying the purpose for which the notes were delivered to and received by the bank was duly executed, but appellees insist that other terms were agreed upon at the time of such delivery, not shown in the receipt, authorizing the bank to substitute other paper or notes for the ones specified therein at its own option.

Parol testimony was admitted, over the objection of appellant, to show such fact, and it is insisted that the court erred in allowing parol testimony adduced to contradict, vary or add to the terms of the contract or writing. This contention must be sustained.

Although the writing is a receipt for the notes specified therein, the purpose for which the notes were received

and held by the bank is also set out therein as for collection, and there is nothing ambiguous about the instrument. It is a contract for the service to be performed as fully and completely as though it had been written out, and it is no less subject, so far as the purpose therein specified for collecting the notes is concerned, to the parol evidence rule than if the word "receipt" had not appeared therein, so far as it operates as a contract; there being no allegations of fraud or mistake in its procurement. When the bank acknowledged it received the notes for collection, such acknowledgment constituted a contract assuming all the obligations of a collecting agent as fully as if such obligations had been set out in detail, and the rule is that, where an instrument is both a receipt and a contract, as in this case, its terms cannot be varied by parol testimony. *Second National Bank of Baltimore* v. *Bank of Alma*, 99 Ark. 386, 138 S. W. 472; *Cleveland-McLeod Lbr. Co.* v. *McLeod*, 96 Ark. 405, 131 S. W. 878; *Darragh Company* v. *Goodman*, 124 Ark. 532, 187 S. W. 673; *Huckins Hotel Co.* v. *Smith*, 151 Ark. 167, 235 S. W. 787; *Lister* v. *First National Bank*, 181 Ark. 140, 25 S. W. (2d) 26, 10 R. C. L. 1926.

The execution of the receipt of the notes for collection by the bank through one of its vice presidents, not the official who testified about the agreement to change it, was not denied, and, although this official did testify that such an agreement was made, his statement being denied by the agent of the insurance company, this could not prove any such agreement as against the written terms of the contract contrary thereto. This official testified that he made the substitution of these notes with the knowledge and consent of the agent of the insurance company, and put the substituted notes in a separate envelope to be held by him for delivery to the company, depositing the notes for collection. This statement was contradicted by both the agent, whom he indicated had knowledge of the fact, and he, himself, in his own testimony admitted that he had never talked to the agent, Gulley, of the insurance company about the matter. In explaining his state-

ment to strengthen it concerning the agreement for the substitution of the notes, he said that Gulley, the insurance company's representative, agreed to it because he thought the list showed too much of the paper of Banks, the president, held by the insurance company, and that it did not look well, but he further stated that the paper that he selected for the substitution was the very kind of paper the holding of which Gulley thought might be embarrassing to the company. He did not claim to have notified the owners of the notes deposited for collection that there was any agreement for substitution of other notes, or that any attempt had been made to substitute such other notes in accordance therewith, nor did he transfer or indorse any of the claimed substituted paper to the Home Life Insurance Company, owner of the paper deposited for collection. Under the circumstances, his testimony was not entitled to any great weight, being so contradictory, and his unwarranted action in attempting to make such substitution, if it had been successful, could only have resulted in benefiting the bank, whose agent he was.

The chancellor's finding that the agreement was made by Gulley for the insurance company for the substitution of other securities instead of the ones deposited for collection for the insurance company was contrary to the preponderance of the testimony; the parol evidence, as already said, was inadmissible to contradict the contract, and said testimony was not sufficient, if true, to have authorized the collecting agent, the bank, to take anything else in payment for the notes deposited for collection but money (*Darragh Co.* v. *Goodwin, supra*), and the burden devolved upon the bank to show that it had the right to make such substitution and the collection of the notes in other than money, and it has failed to discharge this burden, and the court erred in holding otherwise.

The court correctly held that the interveners should recover from appellees the sum of $7,326.74, an amount collected on some of the notes deposited for collection, and that same was a prior claim against the bank.

It should have held also that all the money collected and realized from the collection of the notes deposited for collection was held in trust and should be paid to intervener as a prior claim, and directed the Bank Commissioner to surrender to the appellant company the remainder of the notes still in his possession originally delivered to the bank for collection.

The decree is accordingly reversed, and the cause remanded with directions to enter judgment for the full amount of the collections made on said notes deposited for collection as a prior claim, and direct the return of any of such original list of notes yet in the Bank Commissioner's possession to the interveners. It is so ordered.