TAYLOR *v.* UNION TRUST COMPANY.

Opinion delivered February 8, 1932.

Sam Rorex and Nat Hughes, for appellant.

Rose, Hemingway, Cantrell & Loughborough, for appellee.

BUTLER, J. Appeal from a decree allowing claim of intervener, appellee, as a prior claim.

The facts in this case, about which there is no dispute, are as follows: On November 15, 1930, appellee company was the owner of certain drafts with bills of lading attached aggregating the sum of $1,836.42, the drawees of which were all customers and depositors of the American Exchange Trust Company. On that date the appellee transmitted these drafts to the American Exchange Trust Company for collection and remittance, taking from the trust company a trust receipt therefor. During banking hours on that day the trust company collected all of the items and surrendered them to the respective drawee, together with the documents thereto attached. After banking hours on said day the trust company issued to the appellee a check drawn upon itself for the amount of the proceeds of said collections. The trust company would have paid the cash to the appellee had the same been demanded, but it was the custom of banks doing business in Little Rock to remit the proceeds of collections in the form of a check, as was done in this case. The check was delivered to the messenger of the appellee between 1 and 1:30 o'clock in the afternoon, and, by the messenger, delivered to the appellee about 1:30 the same afternoon. At that time the banks in Little Rock Closed on Saturdays at 1 o'clock. Be-

for opening time on the following Monday, November 17th, the American Exchange Trust Company suspended business, and, at the expiration of five days, the bank commissioner took charge of it on the ground of insolvency.

At the time of the foregoing transaction the appellee company did not maintain a deposit account with the trust company. It is admitted that the entire transaction was in the usual course of business, and that nothing was done or intended by either the trust company or the appellee company to do anything for the purpose of giving appellee preference in the assets of the trust company, but that each step in the transaction was made and accepted in entire good faith, and with no thought of giving or obtaining a preference.

It is the contention of the appellant that the action of appellee's messenger in accepting the check of the trust company, when the cash could have been demanded and received, created merely the relation of debtor and creditor between the two, that therefore the claim of appellee is only that of a general creditor, and, as authority for this, cites a number of decisions from the courts of other States and the recent decision of this court in the case of *Taylor* v. *First National Bank of De-Queen,* 184 Ark. 947, 43 S. W. (2d) 1078. The facts in that case bear no similarity to those presented in the case at bar. We there held that the transactions out of which the claim for preference arose created no preferential claim for the reason that the draft, the basis of the claim, did not represent the proceeds of a collection, but was in payment of checks received in the ordinary course of business and not for collection, and we stated that, if the checks received were for collection merely, then the bank handling them would have acquired no title to their proceeds, but would have held them in trust for the appellee. *Darragh* v. *Goodman,* 124 Ark. 532, 187 S. W. 673.

We agree with the contention of the appellee that the court properly adjudged its claim a prior one under

subdivision 7 of § 1 of act 107 of the Acts of 1927, and that we may look no further than to the statute itself for a justification of the decree of the trial court. That act defines the classes of creditors of an insolvent bank, among which is "the owner of a remittance of the said bank, the proceeds of a collection made by said bank by honoring a check or other order upon itself, or by a charge against the account of its depositor, although the said collection has not had a distinctive identity in the hands of said bank, has not actually increased its cash assets, and has resulted in merely shifting its liability upon its books from one of its creditors to another or new creditor, in instances where the said remittance has been presented with due diligence for payment to said bank or its drawee and is not paid, and where the instrument collected cannot be returned by the commissioner to the person who had transmitted the same to said bank for collection, the said instrument having been surrendered by said bank upon its collection in such manner prior to the commissioner taking charge, * * *."

These are the conditions under subdivision 7 of § 1, *supra,* when a preference will arise, and these are the facts in the instant case except that the remittance was not presented for payment to the American Exchange Trust Company. This, however, would have been a futile act on the part of the appellee. It received the remittance after banking hours on Saturday, and, as the American Exchange Trust Company did not open for business thereafter, presentment for payment was impossible. Under the statute presentment was not necessary until within a reasonable time after the remitting bank opened again for business, so that, under any just and reasonable interpretation of the statute, under the facts in this case, the presentment for payment was not a necessary prerequisite to the claim for preference. That the cash would have been paid to the messenger had he demanded it does not change the right of appellee under the act above quoted. Nor did the acceptance

by him of the check create merely the relation of debtor and creditor, as claimed by the appellant. The proceeds of the collection were never the property of the collecting bank. It only held the same in trust for the appellee, and the check delivered to the messenger of the appellee was nothing more than the symbol of the cash so held, issued according to the custom of banks and accepted, not in lieu of the money, but only as a token of it, and by a presentation of which the cash might be obtained. In other words, it was the vehicle of the transfer of the cash spoken of in subdivision 7, *supra*, as "a remittance of the said bank," and as it represented the proceeds of a collection made by the collecting bank by charging the different items collected against the accounts of the depositors—drawees of the drafts—it created a preferred claim although the transaction did not increase its cash assets, because the drafts with the documents attached had been surrendered to the drawees upon their collection, and therefore could not be restored to the appellee and it be placed in the same condition with respect thereto as it had been before. As stated by the appellee, it is just this state of case where the security could not be restored that the Legislature gives as a substituted security a preference in the assets of the insolvent institution.

The conclusion reached finds support in the recent cases of *Taylor* v. *Corning Bank & Trust Co.*, 183 Ark. 757, 38 S. W. (2d) 557, and *Taylor* v. *Dermott Grocery & Commission Co.*, 184 Ark. 947, 45 S. W. (2d) 23, and the case of *Taylor* v. *First National Bank of DeQueen, supra.*

Let the decree be affirmed.