VALLEY STATE BANK OF HARLINGEN, TEXAS, *v.* TAYLOR.

4-2653

Opinion delivered October 17, 1932.

*H. L. Faulk* (Brownsville, Tex.), *J. A. Comer* and *J. A. Watkins,* for appellant.

*Sam Rorex, Nat Hughes* and *Harry Meek,* for appellee.

SMITH, J. A citizen of Texas, who had both a savings and a checking account with the American Exchange Trust Company in Little Rock, drew checks, payable to the Valley State Bank of Harlingen, Texas, against these deposits for the total amount thereof, and delivered these checks for collection to the Valley State Bank. The checks were sent by the Texas bank direct to the American Exchange Trust Company, accompanied by a notation: "For collection and return." The drawee bank (American Exchange Trust Company) accepted the checks and remitted to the Texas bank in payment thereof its drafts on a Dallas, Texas, bank, with which it had deposits in excess of the drafts. Upon receipt of these drafts on the Dallas bank, the Valley State Bank paid the amount of one of the drafts to the original drawer—the Texas citizen—and gave her credit upon its books for the amount of the other draft upon the assumption that the exchange on the Dallas bank would be paid. But, upon presenting to the Dallas bank the drafts drawn upon it by the American Exchange Trust Company, payment was refused by the Dallas bank for the reason that the Dallas bank had information that the American Exchange Trust Company had closed its doors.

The checks drawn by the Texas citizen on the American Exchange Trust Company were dated November 10 and 12, 1930, and were received by the American Exchange Trust Company through the mail at its banking house in Little Rock on November 14, 1930, and on that day the exchange on Dallas was remitted to the Valley State Bank, and received by the latter on November 17, 1930, and disposed of as above stated. The American Exchange Trust Company became insolvent and closed its doors on November 17, 1930, of which fact the Dallas bank was advised, and for that reason it refused payment of the drafts drawn on it by the American Exchange Trust Company, although it had on hand funds belonging to the American Exchange Trust Company in excess of the drafts.

The assets of the American Exchange Trust Company have been taken over and are being wound up by the State Bank Commissioner, with whom the Valley State Bank filed its claim for allowance as a prior or preferred one. The court below disallowed the claim as a prior or preferred one, but did allow it as a common claim, and this appeal is from that decree. The question for decision is therefore whether, under the facts stated, the Valley State Bank, as the holder and owner of the remittance drafts, is a preferred creditor of the American Exchange Trust Company?

The answer to this question, and the one which accords with the previous holdings of this court, appears in the 1931 edition of Michie on Banks and Banking, vol. 3, page 321, where it is said: "Although probably contrary to the weight of authority, the modern trend of decisions seems to support the rule that, where paper is sent for collection and remittance, the collecting bank, as agent of the sender, holds the amount collected in trust so as to give a right of preference therefor upon its insolvency; and this is true, even though the collecting bank collects the paper by charging it against the account of the individual drawer and issues its draft on another bank in favor of the sender for the amount."

In the case of *Rainwater* v. *Federal Reserve Bank of St. Louis,* 172 Ark. 631, 290 S. W. 69, it was held (to quote a headnote) that "The claim of the Federal Reserve Bank against the Bank Commissioner in charge of a bank which made collections for claimant and had funds sufficient to honor drafts sent as remittance of collections, which were not paid, owing to the bank being closed, *held* a preferred claim, since the collecting bank was the claimant's agent and held the money collected in trust."

In reaching this conclusion, we recognized and stated in the Rainwater case, *supra,* that the authorities were not harmonious, but we there followed our own earlier case of *Darragh Co.* v. *Goodman,* 124 Ark. 532, 187 S. W. 673, which had announced the controlling principles.

The annotated cases of *Bank of Poplar Bluff* v. *Mills-paugh,* 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754, and *Shull* v. *Beasley,* 49 Okla. 106, 209 Pac. 149, 77 A. L. R. 465, collect the leading cases on the subject and reflect the conflicting views of the courts.

Counsel for appellee Bank Commissioner endeavors to distinguish the Rainwater case, *supra,* from the instant case by pointing out that in the Rainwater case the remittance check transmitted the collection pursuant to a permanent arrangement existing between the banks. But this distinction is not of controlling importance. The remittance in the instant case was made pursuant to a custom, so uniform and well-established among banks, as to be as binding as a permanent arrangement; in fact, the banking custom, pursuant to which remittance was made, was, in effect, a permanent arrangement, because it conformed to a custom among banks so general and well known and so long established that parties will be presumed to have contracted with reference thereto.

We find nothing in the provisions of act 107 of the Acts of 1927, page 297, leading to a different conclusion. This act deals with and makes classification of the creditors of insolvent banks which have been taken over by the State Bank Commissioner.

In the recent case of *Taylor* v. *Union Trust Company,* 185 Ark. 128, 46 S. W. (2d) 18, the facts were as follows: On Saturday, November 15, 1930, the Union Trust Company delivered to the American Exchange Trust Company certain drafts with bills of lading attached, of which it was the owner, for collection and remittance, and received in payment therefor a check drawn by the American Exchange Trust Company upon itself for the amount of the drafts, which check was delivered to the messenger of the Union Trust Company. Before the check could be presented for payment on the following Monday—November 17—the American Exchange Trust Company closed its doors; but the chancery court held that the check was a preferred claim under the act of 1927, *supra.* In affirming that holding it was there said: "The proceeds of the col-

lection were never the property of the collecting bank. It only held the same in trust for the appellee, and the check delivered to the messenger of the appellee was nothing more than the symbol of the cash so held, issued according to the custom of banks and accepted, not in lieu of the money, but only as a token of it, and by a presentation of which the cash might be obtained. In other words, it was the vehicle of the transfer of the cash spoken of in subdivision 7, *supra,* as 'a remittance of the said bank,' and as it represented the proceeds of a collection made by the collecting bank by charging the different items collected against the accounts of the depositors—drawees of the drafts—it created a preferred claim, although the transaction did not increase its cash assets, because the drafts with the documents attached had been surrendered to the drawees upon their collection, and therefore could not be restored to the appellee and it be placed in the same condition with respect thereto as it had been before. As stated by the appellee, it is just this state of case where the security could not be restored that the Legislature gives as a substituted security a preference in the assets of the insolvent institution.

"The conclusion reached finds support in the recent cases of *Taylor* v. *Corning Bank & Trust Co.,* 183 Ark. 757, 38 S. W. (2d) 557, and *Taylor* v. *Dermott Grocery & Commission Co.,* 184 Ark. 947, 45 S. W. (2d) 23, and the case of *Taylor* v. *First National Bank of De Queen, supra,* (184 Ark. 947, 43 S. W. (2d) 1078)."

We conclude therefore that the chancellor erred in refusing to allow the claim of the Valley State Bank as a preferred claim, and that decree is reversed, and the cause is remanded with directions to so allow and class it.

McHANEY, J., dissents.