CASTELLAW v. TAYLOR.

4-2877

Opinion delivered February 27, 1933.

*C. A. Holland,* for appellant.

*R. W. Robins,* for appellee.

SMITH, J. There appears to be no substantial conflict in the testimony heard in the court below in the decision of this case in that court. The facts were as follows: Castellaw Brothers are merchants at Quitman, Arkansas, and are also engaged in buying cotton, which they sold at Conway, a city thirty-five miles distant from their place of business. The transaction out of which this litigation arose was similar to a number of others, and may be briefly related.

On November 20, 1930, Castellaw Brothers sent a truck, carrying six bales of cotton, from Quitman to be sold at Conway. An agent of Anderson Clayton Cotton Company at Conway bought the cotton, and gave the

truck driver a price ticket, which the latter carried, with the cotton, to the compress at Conway, where the cotton was delivered and weighed and a compress receipt issued therefor. The driver took the price ticket and the compress receipt to the Faulkner County Bank & Trust Company in Conway, and that bank paid for the cotton. The driver of the truck had the option to receive either money or a check from the bank, but, pursuant to the direction of his employers, he received a cashier's check for $319.96, the price of the cotton. Upon his return to Quitman, the truck driver delivered the check to his employers, who indorsed the check and deposited it for collection for their account with a bank at Quitman. When the bank at Conway had paid for enough cotton in this manner to load a railroad car, the cotton would be shipped to Anderson Clayton Cotton Company, with draft covering all the cotton in the car attached to the bill of lading. This draft was not for any particular cotton, but covered all the cotton in the car.

The owners of the cotton were not required to await the cashing of the draft accompanying the bill of lading, but had the option to receive cash or a cashier's check, and, as has been said, the six bales here involved were paid for with a cashier's check. The bank at Quitman forwarded the check to its Little Rock correspondent for collection, but before the collection had been completed in the usual manner the Conway bank closed its doors. The Little Rock bank returned the check to the bank at Quitman, and that bank charged the check back to the account of Castellaw Brothers. This check was filed with the Deputy Bank Commissioner, who was winding up the affairs of the bank at Conway, as a preferred claim. The chancellor denied the claim of preference, and allowed it as a general claim against the bank, from which order is this appeal.

The case of *Taylor* v. *Dermott Grocery & Commission Co.*, 185 Ark. 7, 45 S. W. (2d) 23, is decisive of this case. The headnote in that case reads as follows: "The payee of a depositor's check, indorsing it and accepting

a cashier's check from the drawee bank which was not paid on account of the failure of the bank, *held* not entitled to preference under Acts 1927, No. 107.''

In the case cited, the bank honored the check of a depositor, but, instead of paying in money, payment was made with a cashier's check. Here the Conway bank honored the price ticket and the compress receipt just as it would have done a check pursuant to a prior understanding with Anderson Clayton Company to that effect. It did not pay in money, as it would have done if requested, but paid with a cashier's check. This check was not deposited with the Conway bank, but upon its acceptance the payee became a mere creditor of the bank, the amount of the indebtedness being evidenced by the check. As was said in the *Taylor* v. *Dermott Gro. & Com. Co.* case, *supra*: ''No new funds were deposited in the bank, but the bank simply shifted the liability from one creditor, Townsend, to another creditor, appellee.''

So here there was no accession to the funds of the bank, which charged the amount of the cashier's check, which it had issued to Castellaw Brothers, to the account of Anderson Clayton Cotton Company.

The decree of the court below, holding that Castellaw Brothers were creditors only, is correct, and it is therefore affirmed.