STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, v. CITIZENS BANK OF STUART, APPELLEE: S. D. BICKFORD, ADMINISTRATOR, INTERVENER, APPELLANT.

FILED MARCH 23, 1933. No. 28478.

D. R. Mounts, for appellant.

I. J. Dunn, Frank Warner, F. C. Radke and Barlow Nye, contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Goss, C. J.

The intervener, as administrator of the estate of Jane Ann Snyder, appeals from the judgment of the district court allowing a claim as a deposit but refusing to allow it as a trust fund.

On March 1, 1930, Mrs. Jennie A. Snyder, otherwise known as Jane Ann Snyder, deposited $4,900 in Citizens Bank of Stuart and received as evidence thereof a certificate of deposit due in six months. On July 22, 1930, she "died intestate in Steele county, Minnesota," and an administrator *de bonis non* was duly appointed in the probate court of that county. There have been two changes in the administrator, but the estate has continued to be duly represented in the suit. On December 1, 1930, the bank was turned over to the department of trade and commerce as an insolvent bank. G. E. Hall was the agent in charge and found the unpaid certificate in the bank. On December 17, 1930, he returned the certificate, which had been sent by a Minnesota bank on August 30, 1930, to the Citizens Bank on behalf of the then administrator for payment. The letter of transmittal by a bank and trust company says it is inclosed for "collection." The bank was insolvent on August 30, 1930. Mrs. Snyder's brother, Al Robertson, lived in Holt county. On September 16, 1930, he caused a petition for the appointment of an administrator of her estate to be filed in Holt county, praying for the appointment of James C. Flannigan as administrator. On October 11, 1930, the petition was denied, appeal bond was fixed and given, but the appeal was never perfected. January 8, 1931, a receiver was duly appointed for the bank by the district court for Holt county. His successor is in charge. The receiver classified the claim "as a preferred claim for deposit." The foregoing facts were all stipulated.

There was only one witness who testified orally—James

C. Flannigan, who was vice-president and one of the managing officers of the bank. He testified that the certificate was made out and executed by him. Demand for payment was made about the date the certificate was due. It was refused because Al Robertson and his attorney notified the bank not to pay it. This attorney was one who was usually consulted by the bank on legal matters. He filed the petition in the county court of Holt county, asking that Flannigan be appointed administrator. The Citizens Bank received several letters from the Minnesota bank requesting payment. When asked what reason was given for not paying the certificate the witness said: "The bank explained to the Minnesota bank just what the situation was."

The foregoing is a fair abstract of all the evidence. The district court found and ordered that the intervener's claim constitutes a deposit and not a trust fund.

The classification of this claim by the receiver as a preferred claim for a deposit was authorized by the statute, which gives priority to the claims of depositors, for deposits, not otherwise secured and to claims of holders of exchange. These claims, subject to federal, state, county and municipal taxes, constitute a first lien upon all the assets of the bank at the time it is closed. Comp. St. 1929, sec. 8-1,102.

The theory upon which claimant seeks priority over the position to which he was assigned by the classification as a depositor is that the deposit was, or somehow became, a trust fund. The basis for giving a trust fund priority over depositors is that the fund does not constitute "assets" of the bank, as the statute, section 8-1,102, Comp. St. 1929, puts it, but is really the property of the claimant held by the bank as trustee. The evidence shows no element of fact from which we may conclude that there was here anything but an ordinary general deposit evidenced in the form of a certificate of deposit issued in the ordinary course of the banking business.

A deposit in a bank in the ordinary course of its busi-

ness is presumed to be a general deposit. When money is so deposited, it ceases to be the money of the depositor and becomes the money of the bank. By the contract implied by law, and in this instance by the contract evidenced in the terms of the certificate of deposit, the bank became a debtor of the depositor and the depositor became a creditor of the bank to the extent of the deposit. *State v. Farmers & Merchants Bank,* 114 Neb. 378; *Harrison State Bank v. First Nat. Bank,* 116 Neb. 456.

That the Minnesota bank stated it sent the certificate of deposit. for "collection" is of no avail to establish a trust. The Citizens Bank never collected it. The word "collection," as applied to the Citizens Bank, is a misnomer. It was the maker. The certificate was sent to it for payment. The forwarding bank had it for collection. Being insolvent, the maker had no right to pay it. At any rate, it did not pay it and the deposit continued to be a debt of the bank. The mere fact that it apparently based its refusal or neglect to pay upon the notice from the brother of the deceased payee and upon the impotent attempt to have the vice-president of the bank appointed local administrator of the payee's estate did not change the rights of the parties. The deposit never changed its character as such. It bears no semblance of a trust fund.

We are of the opinion the claimant has utterly failed to establish a trust fund. The judgment of the district court was right, and it is

AFFIRMED.