STATEMENT BY THE COURT.
On November 20, 1931, the appellant, the Bank of Conway, Conway, Arkansas, received for collection a draft in the sum of $473.65, drawn by the Rea-Patterson Milling Company against appellees, a partnership trading as Hiegel-Thessing Grocery Company, Conway, Arkansas, with a bill of lading for a carload of flour attached to the draft. Appellant bank presented this draft to the appellees, who drew their check on the Farmers' State Bank of Conway for the amount of the draft, and thereupon the Bank of Conway delivered the bill of lading to the appellees and remitted to the Rea-Patterson Milling Company for the amount of the draft. Appellant bank then took the check for $473.65 drawn on the Farmers' State Bank, along with other checks that appellant held against them, in the total amount of $2,929.34, and presented same for clearance. The Farmers' State Bank had checks against appellant drawn by its depositors against it amounting to $750.69, which were turned over to appellant, leaving a difference of $2,178.65 due to the appellant from the Farmers' State Bank on the checks involved in this clearance. The Farmers' State Bank thereupon drew its draft in favor of the appellant bank in the sum of $2,178.65 on its correspondent bank in New York City, and said draft was duly presented by appellant to the said correspondent bank and payment thereon was refused because the Farmers' State Bank in the meantime closed its doors and failed to open on Monday, November 23, 1931. The State Bank Commissioner took *Page 314 
charge on the same day and found the check for $473.65, which had been drawn by the appellees against their account in the Farmers' State Bank in the files of said bank, and the Bank Commissioner caused the records of the Farmers' State Bank showing payment of said check to be reversed and returned this check to the appellant, the Bank of Conway, wherein the appellees had an account also, and thereupon the appellant charged up to this account the amount of this check, $473.65.
This suit was instituted by appellees against the State Bank Commissioner in charge of the insolvent Farmers' State Bank and against the appellant, the Bank of Conway, praying judgment against the Bank of Conway for the amount of said check, $473.65, and for the court to determine the legal status on account of the above-mentioned check, given by appellees in payment of the draft, and that the claim be allowed and classified against the assets of the Farmers' State Bank.
The appellant answered, alleging that the check was not taken in payment of the draft, but with the right to call on appellees to make said check good, if it could not be collected. That it paid off for appellees said draft, and that they thereby became indebted to appellant in the sum of it, and that it was not paid for the reason they failed to collect it. That they acted with all proper diligence in handling the check, which had never been paid. That the Farmers' State Bank gave appellant its said check, a draft on its correspondent bank in New York City, which proved worthless on account of the failure of the Farmers' State Bank before the draft could be presented there.
The cause was heard on an agreed statement of facts, showing the facts as alleged in the pleadings, that the officers of the banking department, when taking charge of the Farmers' State Bank of Conway on November 23, found many of the aforesaid checks against the bank received in the clearance transaction on the previous Saturday remaining undelivered to its depositor-makers in said bank, reversed the charges upon the records thereof showing the payment of said checks and returned said checks, the one of appellees' involved herein to the *Page 315 
Bank of Conway, which was charged by the latter bank against the account of appellees in said bank in settlement of the draft with bill of lading attached which it had paid upon receipt of appellees' check on the Farmers' State Bank. That the said check of appellees was not accepted by the Bank of Conway as unconditional payment, but with the right to collect same back from the drawer in the event it could not be collected by the Bank of Conway but within a reasonable time. The Bank of Conway in handling the matter did nothing out of the usual custom in handling such matters.
A demurrer, answer and cross-complaint was filed by appellant.
The chancellor found that appellant was indebted to appellees in the sum of $473.65, the amount of the check; and that appellant was entitled to a general claim against the assets of the Farmers' State Bank in the sum of $2,178.65, the clearance balance, and decreed accordingly, ordering that the records of the Farmers' State Bank be corrected so far as to show the payment of all checks involved in the clearance, and this appeal is prosecuted by the Bank of Conway from such decree.
(after stating the facts). In Taylor v. First National Bank of De Queen, 184 Ark. 947, 43 S.W.2d 1078, this court held that, where checks received in the ordinary course of business between respective banks, not for collection but for payment which they attempted to effect by charging them to the accounts of the depositors who had drawn them, and by delivery of the draft for the difference between the respective amounts of the checks, the relation of debtor and creditor arose between the two banks and not an agency or trust relationship.
It has been held, where the drawers of an order had funds in the hands of the drawee on its presentation, a waiver by the payee of a cash payment and an acceptance of a bill of exchange instead extinguish the debt, although the exchange proves worthless. Loth v. Mothner,53 Ark. 116, 13 S.W. 594. See also Johnson v. First Bank, 144 Minn. 363, 175 N.W. 612, 9 A.L.R. 960; Federal *Page 316 
Reserve Bank v. Malloy, 264 U.S. 160, 44 S.Ct. 296, 31 A.L.R. 261; Missouri Pac. Rd. Co. v. Taylor, 185 Ark. 211,46 S.W.2d 642; vol. 1, Paton's Digest, page 257, 1566.
From these cases it will be seen that only the relation of debtor and creditor arose between the two banks upon the clearance of checks and giving the bill of exchange in payment of the difference, and not an agency or trust relationship; and, the check being presented to the bank, not for collection, but for payment, the transaction amounted to a payment, so far as the drawers of the check, appellees, were concerned, and they are discharged, the drawer having funds in the bank to its credit, the check in effect having been paid by the drawee upon presentation, it being conclusively presumed that he did not accept something in lieu thereof for which it had not been drawn — could not at the drawer's risk a check of the drawee upon some other bank.
No error therefore was committed in the decree of the chancellor, and it is affirmed.