Allen, J.
 

 As heretofore stated, the questions involved were raised on demurrer to the defendant’s answer filed in the Court of Appeals, and the material facts are not in dispute. The plaintiff was the owner of two certain certificates of deposit, secured from The Security-Home Trust Company. On or about June 16, 1931, the plaintiff presented each of these certificates of deposit to The Security-Home Trust Company, which cancelled them and marked them paid, and thereupon issued to the plaintiff two drafts upon two different Cleveland banks. The amount of these drafts, including interest on the certificates of deposit, to the day of presentment, aggregated $179,666.67. Upon June 16, 1931, the superintendent of banks took over The Security-Home Trust Company for liquidation. Upon June 17, 1931, the plaintiff presented such drafts for payment to the respective banks upon which they were drawn. Payment of the drafts was refused, and they still remain unpaid.. The plaintiff thereupon, filed a petition in the Court of Common Pleas of Lucas county, praying that the assets of The Security-Home Trust Company be impressed with a trust in the amount of the face value of each of the two drafts, and that the plaintiff be entitled to the payment of the same as a preferred claim, and for such other and further relief as is just and equitable.
 

 The Court of Appeals held that the plaintiff was en
 
 *208
 
 titled to a preference, and was entitled to interest upon both drafts from June 17, 1931, as a preferred claim.
 

 The section of the General Code under which the preference was allowed is Section 714, which in abbreviated form reads in the material parts thereof as follows:
 

 “In any case where any bank * * * shall have in its possession the proceeds realized from the collection of any negotiable instrument by it or by any other collecting agency, * * * or * * * shall in payment of such proceeds of collection draw a draft upon another banking institution * * * the assets of such bank so closed shall be impressed with a trust in behalf of the owner of the negotiable instrument. ’ ’
 

 The case, then, presents these two questions:
 

 (1) Where certificates of deposit are exchanged for drafts drawn by the issuing bank upon another bank, and where the issuing bank is closed for liquida- . tion before presentment of the drafts for payment is the owner of the drafts entitled to a preference under Section 714, General Code?
 

 (2) If the owner of such drafts is entitled to a preference by virtue of Section 714, is he entitled to have interest on the principal amount of his claim paid in priority to payment to the general creditors?
 

 We have here a case involving no third parties. The plaintiff is the original owner of the drafts.
 

 It was the view of the Court of Appeals that when the plaintiff took the two- certificates of deposit which had been issued to him by The Security-Home Trust Company, to The Security-Home Trust Company, and they were cancelled and marked paid, he was presenting these certificates of deposit to the bank for collection. It was the view of the Court of Appeals that The Security-Home Trust Company, after it cancelled the certificates of deposit and marked them paid, had in its hands the proceeds realized from the collection
 
 *209
 
 of negotiable instruments. The Court of Appeals considered that the collection of these proceeds was not made by the bank, but was made by the plaintiff himself as “any other collecting agency.” Section 714,
 
 supra.
 
 The court therefore held that the assets of the closed bank were impressed with a trust in behalf of the owner of negotiable instruments, and that the plaintiff was entitled to have them paid upon liquidation of the assets, as a preferred claim, under the terms of Section 714, G-eneral Code.
 

 We differ from the Court of Appeals both in its view as to the nature of the various steps taken in this transaction, and as to the conclusion arising therefrom. In the first place, we think that this transaction did not involve the collection of a negotiable instrument. When the plaintiff presented the two certificates of deposit to the bank which had issued them, if he had received the money owed him upon these certificates of deposit, there would have been no collection by the bank. There would have been a payment by the bank of its debt to the plaintiff. The bank owed Run-dell the money which he had deposited with it, and the certificates of deposit were the evidence of the bank’s debt to Rundell. Here was a case where there could be no collection except from the bank itself. But the bank could not “collect,” as the term is used in ordinary banking parlance, from itself..
 

 Instead of physically securing the funds from the bank, the certificates of deposit were marked can-celled and paid, and the bank issued to Rundell two drafts upon Cleveland banks. All that happened was that Rundell exchanged one written evidence of debt for another, each of such evidences of debt being unsecured. Rundell did not instruct the bank to collect from some other person, nor did the bank instruct “any other collecting agency” to collect these items i from any other person.
 

 Furthermore, the bank at no time had “in its pos
 
 *210
 
 session the proceeds realized from the collection of any negotiable instrument by it or by any other collecting agency.” Since the debtor-creditor relation existed between The Security-Home Trust Company and Rundell, the assets of which the bank had possession were its own assets. When Rundell deposited his money in the bank and received a certificate of deposit, the title to the money passed to the bank. When Rundell presented the certificates to the bank, he was a creditor of the bank. When the bank exchanged the certificates of deposit for drafts, Rundell was still a creditor of the bank. There had been no collection by the bank, there were no proceeds realized from a collection, and the bank had possession of no proceeds of collection.
 

 It is to be observed that Section 714, General Code, does not use the term “collection and payment,” which is used in Section 713, General Code. It uses only the term “collection,” and hence the ruling of this court in
 
 Fulton, Supt. of Banks,
 
 v.
 
 B. R. Baker-Toledo Co.,
 
 125 Ohio St., 518, 182 N. E., 513, does not apply. Our holding in this case is supported by authority in other states.
 
 Taylor, Bank Commr.,
 
 v.
 
 First National Bank of DeQueen,
 
 184 Ark., 947, 43 S. W. (2d), 1078;
 
 In re Liquidation of Banik of Pender,
 
 204 N. C., 143, 167 S. E., 561;
 
 Missouri Pacific Rd. Co.
 
 v.
 
 Taylor, Bank Commr.,
 
 185 Ark., 211, 46 S. W. (2d), 642;
 
 Hecker-Jones-Jewell Milling Co.
 
 v.
 
 Cosmopolitan Trust Co.,
 
 242 Mass., 181, 136 N. E., 333, 24 A. L. R., 1148;
 
 State, ex rel. Sorensen, Atty. Genl.,
 
 v.
 
 Citizens Bank of Stuart,
 
 124 Neb, 575, 247 N. W., 427.
 

 The case of
 
 Blair, Supt. of Banks,
 
 v.
 
 Union Savings Bank of Bryan,
 
 119 Ohio St., 142, 162 N. E., 423, relied upon by counsel for Rundell, has no relation to this case. The item to be collected there was a certificate of deposit, but in that case there was an acceptance of the draft, and the court held that that was “tantamount, in legal effect, to the actual payment of the draft.”
 
 *211
 
 The
 
 Blair Case, supra,
 
 therefore is a decision based upon the result of the acceptance of commercial paper, and is not in point herein.
 

 The statutes creating a preference and impressing • the assets of a bank with a trust in case where formerly there was a mere debtor and creditor relationship are in derogation of the common law, and should be strictly construed. Sedgwick on Statutory and Constitutional Construction, 266; 2 Sutherland on Statutory Construction (Lewis’ 2d Ed.), 862, Section 454; 25 Ruling Case Law, 1056, Section 281; 7 L. R. A. Digest, 8943, Section 268, note
 
 a,
 
 and cases cited.
 

 A case applying this principle to statutes dealing with banking is
 
 Gift
 
 v.
 
 Love, Supt. of Banks,
 
 164 Miss., 442, 144 So., 562, 86 A. L. R., 63, which holds that a statute imposing double liability on bank stockholders must be strictly construed.
 

 We think that under the conceded facts of this case, there was no collection made by the bank, it had in its possession no proceeds of collection, and that, reading the statute as a whole, any “other collecting agency” signifies one who acts as agent for the bank of issue, and not the owner of the certificate of deposit, who presents it to the debtor bank for payment.
 

 The Court of Appeals was also in error in affirming a judgment granting interest to the preferred creditor for the period subsequent to the taking over of the bank by the superintendent of banks for liquidation.
 
 Fulton, Supt. of Banks,
 
 v.
 
 B. R. Baker-Toledo Co., post,
 
 226, this day decided.
 

 The judgment of the Court of Appeals will be reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.